**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                           Plaintiff,

           vs.                                          DECISION AND ORDER

ASSORTED SILVER AND GOLD BARS AND                       12-CV-6455-CJS-JWF
COINS VALUED AT APPROXIMATELY
$23,445.00,

                           Defendant.

**APPEARANCES**

For Plaintiff:                    Grace Carducci, Assistant U.S. Attorney
                                  United States Attorney's Office
                                  Western District of New York
                                  500 Federal Building
                                  100 State Street
                                  Rochester, New York 14614

**INTRODUCTION**

**Siragusa, J.** This is a civil action *in rem* by the United States of America for for-

feiture of proceeds allegedly derived from narcotics-related activities and seized during

a narcotics investigation of Shawnta Brown and Kenya Brown by the Rochester Police

Department ("RPD"). Compl. ¶¶ 3–11, ECF No. 1.   Presently before the Court is the

government's motion for default judgment and order of forfeiture against Defendant "as-

sorted silver and gold bars and coins valued at approximately $23,445.00," Mot. Default

J., ECF No. 11, pursuant to the entry of default by Court Clerk Michael J. Roemer on

February, 15, 2013, ECF No. 10. For the reasons stated below, the application is grant-

ed.

## BACKGROUND

On March 9, 2012, Investigators from the Rochester Police Department executed numerous search warrants related to an on-going narcotics investigation involving Shawnta Brown and Kenya Brown. A search warrant executed at 2294 Clifford Avenue, Rochester, New York, resulted in the discovery of approximately five and one-half kilograms of powder cocaine, forty-two and one-half grams of crack cocaine, and drug paraphernalia. Compl. ¶ 4. Subsequently, law enforcement obtained information from recorded jail phone calls indicating that proceeds from drug trafficking were being stored at 11886 McNeeley Road, Red Creek, New York. *Id.* ¶ 8. Pursuant to another warrant, law enforcement conducted a search, utilizing a narcotics detection K-9, within the residence and discovered a total of $303,355.00 United States currency, as well as the defendant assorted silver and gold bars and coins valued at approximately $23,445.00, that are the subject of this application. *Id.* ¶ 9. In addition, law enforcement confiscated nine firearms, various ammunition and documents from the residence of Shawnta Brown, Kenya Brown, and Claimant Johnny Brown. *Id.* ¶ 11.

On March 13, 2012, Shawnta Brown and Kenya Brown were charged in United States District Court of violating 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 924(c)(1). As of the date of this decision, the criminal case is pending. *See, e.g.* Notice of Hearing, *United States v. Brown*, No. 13-cr-06006 (W.D.N.Y. Jun. 5, 2014).

On August 24, 2012, the United States of America, by William J. Hochul, Jr., United States Attorney for the Western District of New York, and Grace M. Carducci, Assistant United States Attorney, of counsel, filed the complaint in this action seeking forfeiture of $303,355.00 in U.S. currency, as well as Defendant silver and gold bars

and coins, which were seized pursuant to 21 U.S.C. § 881(a)(6) during the investigation from 11886 McNeeley Road. The Complaint requests, *inter alia*, that "(3) a judgment be entered declaring the defendant property condemned and forfeited to the United States of America for disposition in accordance with the law." Compl. ¶ 6.

On December 29, 2012, Claimant Johnny Brown filed an answer to the government's complaint asserting ownership over the $303,355.00 in United States currency that had been seized, but not over the defendant "silver and gold bars/coins," which are the subject of this motion. Answer ¶ 11, Dec. 29, 2012, ECF No. 5 ("Claimant denies that he had knowledge or sufficient information or possessed in any way the . . . gold and silver bars/coins.").

In accordance with Rule 55(a) of the Federal Rules of Civil Procedure, the government filed a request for entry of default for the silver and gold bars and coins on February 14, 2013. Req. Entry of Default, ECF No. 9. On February 15, 2013, the request was granted. Entry of Default at 1. The subject motion for default judgment and attached exhibits A–D were filed by the government on the same day. Mot. for Default J., Feb. 15, 2013, ECF No. 11.

## STANDARD OF LAW

Default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Entry of a party's default pursuant to Fed. R. Civ. P. 55(a) is a mandatory prerequisite for entry of a default judgment pursuant to Rule 55(b). *See Dow Chem. Pacific Ltd. v. Rascator Maritime, S.A.*, 782 F.2d 329, 335 (2d Cir. 1986).

## ANALYSIS

In an affidavit filed by Claimant's prior attorney, David Morabito, Esq., in opposition to a motion to stay,[1] he alleged that Claimant had "specifically reserved his right to address issues about the gold and/or silver coins . . . in paragraph 30 of his Verified Answer." Morabito Aff. ¶ 4, Mar. 10, 2013, ECF No. 13. However, Claimant's aforementioned statement in paragraph 11 of his Answer denied that Johnny Brown had knowledge of these particular bars and coins. Although Claimant reserved his right to address the issues in this motion for default judgment, Claimant had an opportunity to respond and failed to do so.

Furthermore, no timely response on behalf of the Defendant "silver and gold bars and coins" has been offered by Shawnta Brown, Kenya Brown, or any other party that may be interested in the matter. Attorney Morabito's affidavit concedes this point and proposes the criminal defendants[2] did not contest this motion because they did not want to jeopardize their criminal defenses. *Id.* ¶¶ 9 – 11. In the absence of any response by the criminal co-defendants, the Court is not persuaded by this argument. If the defendant bars and coins were, in fact, legally obtained and possessed, it is difficult to imagine how discovery related to that specific inquiry could jeopardize the criminal defendants' cases. Shawnta Brown, Kenya Brown, and Johnny Brown all appear to have legal representation and the means to file a response to this motion, if a response were necessary. Thus, entering a default judgment would not unjustly prejudice the interested par-

---

[1] Plaintiff filed a Motion to Stay Civil Forfeiture for discovery in relation to the $303,355 U.S. currency for which Johnny Brown claimed ownership. Motion, Mar. 5, 2013, ECF No. 12. The application was subsequently granted in an order entered by Magistrate Judge Jonathan W. Feldman of this court on March 21, 2014, ECF No. 24. That motion does not affect or relate to the defendant silver and gold bars and coins at issue in the present application.

[2] The Court notes that Mr. Morabito also refers to Johnny Brown as a defendant in his affidavit, but Johnny Brown has not been indicted in relation to the criminal case against Shawnta Brown and Kenya Brown, so it appears he is only a claimant in this matter and *not* a defendant. *See* Morabito Aff., ECF No. 13, ¶¶ 4, 7, 14–17, 20, 22–26.

ties. All interested parties had ample time to respond to this motion in some fashion and no response was provided. Therefore, on the basis of the unopposed assertions provided by the government in the Complaint and the Affidavit in Support of Motion for Default Judgment and Order of Forfeiture, ECF No. 11, the Court has determined default judgment is appropriate in this case and grants the motion.

## CONCLUSION

The government's motion for default judgment and order of forfeiture of the "assorted silver and gold bars and coins valued at approximately $23,445.00," ECF No. 11, is hereby granted pursuant to 21 U.S.C. § 881(a)(6). The Clerk is directed to enter judgment for the government.

DATED:      June 25, 2014
            Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge